The order below is hereby signed.

Signed: March 06, 2011.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                              )
                                   )
H&H CONSTRUCTION &                 )    Case No. 09-00083
INVESTMENT INC,                    )    (Chapter 11)
                                   )
             Debtor.               )
_____        )
                                   )
R. WILLIAM HALL,                   )
                                   )
             Plaintiff,            )
                                   )    Adversary Proceeding No.
        v.                         )    09-10029
                                   )
POWER COMM, INC, et al.,           )
                                   )    Not for publication in
             Defendants.           )    West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER DENYING MOTION TO RECONSIDER

On August 31, 2009, the debtor, The Landing at Park Heights, R. William Hall, and Chad Shanholtz commenced the above captioned adversary proceeding seeking to recover damages for, among other things, allegedly defective/incomplete electrical work done by Power Comm, Inc.  Through the course of the case, the court entered consent orders dismissing the claims of all the plaintiffs except for Hall.  In light of these dismissals, on January 14, 2011, the court issued an order to Hall directing him

to show cause why his claims in this adversary proceeding ought not be dismissed without prejudice based on lack of subject matter jurisdiction and lack of prosecution.  (Dkt. No. 54). After Hall failed to respond to the January 14, 2011, Order, I entered an order dismissing the adversary proceeding (Dkt. No. 56, entered February 4, 2011).

On February 13, 2011, Hall filed a motion to reconsider the court's dismissal.  (Dkt. No. 58).  In the Motion, Hall contends that the court should vacate its dismissal order because he never received notice of the Order to Show Cause, or, alternatively, grant his March 22, 2010, Motion to Withdraw the Reference. Because Hall has failed to address the jurisdictional concerns the court set forth in its January 14, 2011, Order to Show Cause and because this court cannot grant a motion to withdraw the reference, I will deny the motion.

Under Federal Rule of Bankruptcy Procedure 9023,[1] a party may file a motion to alter or amend a judgment within 14 days of the entry of the judgment.  In filing the motion, however, the party must set forth grounds that would warrant the court setting aside its prior order.  In the January 14, 2011, Order to Show Cause, I expressed doubts whether this court had subject matter

---

[1] Hall's motion to reconsider cites to Fed. R. Bankr. Proc. 9024 as a basis for relief, the bankruptcy analog of a Rule 60 motion.  Because, however, Hall filed his motion to reconsider within 14 days after the court entered the order of dismissal, I elect to treat the motion under the more liberal Rule 9023 standard, the bankruptcy Rule 59 analog.

jurisdiction over Hall's claims now that the debtor has been dismissed from the case and the underlying bankruptcy case has been converted to chapter 7. Hall's Motion to Reconsider fails to address these fundamental issues.[2] As I stated in the January 14, 2011, Order to Show Cause, I fail to see how this proceeding has any effect on the administration of the estate, and Hall has not shown otherwise. Accordingly, the motion to reconsider is appropriately denied on this basis.

Likewise, Hall's alternative request for the court to withdraw the reference is similarly unavailing. First, it is the District Court that acts upon the motion, not this court. Second, even if the motion to withdraw the reference were before this court, the motion appears to be untimely. Under District Court Local Bankruptcy Rule 5011-2(b), the motion to withdraw must have been filed within the time periods set by Fed. R. Bank. Proc. 7012 and 7015, the greatest of those time periods being 30 days after the date the complaint was filed. Hall filed his motion more than 3 months after the defendants' answer and more than 6 months after he filed his complaint. Accordingly, this court lacks the authority to grant the motion to withdraw the

---

[2] Although Hall has asked for an additional 20 days to address the issues raised in the Order to Show Cause if the court were to grant the motion to reconsider, he should have addressed those concerns in the motion to reconsider itself. The court will not vacate a dismissal order on the possibility that Hall might prove that jurisdiction lies, only to have to dismiss the case again in the event Hall fails to carry his burden.

3

reference in the first instance, regardless of its merits as a basis for reconsidering the order dismissing the adversary proceeding.

    For the foregoing reasons, it is

    ORDERED that Hall's Motion to Reconsider (Dkt. No. 58) is DENIED.

                                      [Signed and dated above.]

Copies to: All counsel of record.